REQUESTED BY: Dale R. Bree, Assistant Director, Nebraska Game and Parks Commission
Is a tribal governmental unit a recognized political subdivision of the state under the terms of the Land and Water Conservation Fund Act?
You have asked if, under Nebraska laws, a tribal governmental unit can be considered as a recognized political subdivision or public agency of the state and thus able to receive grants-in-aid pursuant to the terms of the Land and Water Conservation Fund, Neb.Rev.Stat. § 37-427 et seq. (Reissue 198 Your second question is if grants-in-aid are made available from the state's apportionment under the Land and Water Conservation Fund Act, would the state have the necessary legal authority to enforce execution of the project and future operations and maintenance for public use in accordance with a project agreement or contract on lands owned and/or controlled by Indian tribal governing groups?
Our answer to your first question is No. Indian tribal units are not considered political subdivisions of the state government. A political subdivision is defined as "any division of a state made by the proper authorities thereof, acting within their constitutional powers, for the purpose of carrying out those functions of the state which by long usage and inherent necessities of government have always been regarded as public; a division of a parent entity for some governmental purpose. . . . Broadly speaking, a political subdivision of a state is a subdivision thereof to which has been delegated certain functions of local government." 72 C.J.S. 223.
Nebraska statutes contain a number of definitions of political subdivision in relation to specific acts. The broadest definition exists at Neb.Rev.Stat. § 23-2301 (Reissue 1985) relating to emergency seats of local government. Section 23-2303
states:
The term political subdivision includes counties, townships, cities, villages, districts, authorities, and other public corporations and entities, whether organized and existing under direct provisions of the Constitution of Nebraska or statutes of this state, or by virtue of charters or other corporate articles or instruments executed under authority of such Constitution or laws.
Neither the Nebraska Constitution nor Nebraska statutes provide for the establishment of any tribal units. If, however, a city or village within tribal territory were to incorporate pursuant to the Nebraska statutes relating to incorporation of cities or villages, that city or village could be a political subdivision of the state.
The Land and Water Conservation Act at Neb.Rev.Stat. § 37 provides in part: "The Game and Parks Commission may make grants-in-aid to political subdivisions of the state from money made available for matching purposes by state appropriations in amounts not exceeding twenty-five per cent of the cost of approved projects submitted by such political subdivisions." The statute also provides that land and water conservation funds may be invested. Since the statutes enacted by the Legislature of this state provide for only investment of these funds or for grants-in-aid to political subdivisions, grants to tribal units would be outside the statutory provisions. An Indian tribal unit is not a political subdivision, and, therefore, would not be eligible for grants pursuant to the Land and Water Conservation Fund as enacted by the Legislature of the State of Nebraska. The fact that the grants-in-aid would not be available to the tribal unit would make it unnecessary to ever be in a position to enforce any terms of the grants. Thus, your second question is moot.
A grant-in-aid to any tribal unit could also raise a question of a possible constitutional violation. Article XIII, Section 3 of the Constitution of the State of Nebraska makes it unconstitutional to loan the credit of the state in aid of any individual, association, or corporation. The Land and Water Conservation Act provides for the appropriation of state funds on a matching basis with federal funds. These funds are then made available for the grants-in-aid. Because state funds are involved, any entity which is not a political subdivision of the state would raise serious questions under the above cited section of the state constitution.
Sincerely,
ROBERT M. SPIRE Attorney General
Linda L. Willard Assistant Attorney General